UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>YOUR YELLOW BOOK INC, a corporation, also d/b/a/ YOUR YELLOW BOOK,<br><br>BRANDIE MICHELLE LAW, individually and as an officer of YOUR YELLOW BOOK INC,<br><br>DUSTIN R. LAW, individually and as an officer of YOUR YELLOW BOOK INC, and<br><br>ROBERT RAY LAW, individually and as an officer of YOUR YELLOW BOOK INC,<br><br>Defendants. | Civil Action No. CIV-14-786-D<br><br><br><br>**UNDER SEAL**<br><br><br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.  The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §

1

45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2), (c)(1) and (2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

## DEFENDANTS

6. **YOUR YELLOW BOOK INC,** also doing business as Your Yellow Book ("YYB"), is an Oklahoma corporation with a registered address of 10600 South Pennsylvania Avenue, Suite 16, Oklahoma City, Oklahoma 73170. YYB transacts or has

transacted business in this district and throughout the United States. At all times material to this Complaint, YYB deceptively sold Internet business-directory services to a variety of businesses and organizations.

7. **Brandie Michelle Law** has held herself out to be president of YYB. At all times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Brandie Law resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States. Among other things, Brandie Law incorporated YYB with the Oklahoma Secretary of State, registered YYB's telephone number, and made payments to GoDaddy, YYB's domain registrar and web-hosting company. Further, Brandie Law signed a U.S. Postal Inspection Service cease-and-desist order on May 10, 2011 on behalf of YYB, agreeing to refrain from implying that consumers have a prior business relationship with YYB, that consumers have accepted and agreed to pay for a listing, and that consumers owe the amount listed on the document. In 2011, Brandie Law had signatory authority for two of YYB's bank accounts.

8. **Dustin R. Law** has held himself out to be president of YYB. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Dustin Law resides in this district, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout

the United States. Among other things, Dustin Law is the registrant and the administrative, technical, and billing contact for YYB's account with GoDaddy, YYB's domain registrar and web-hosting company. Additionally, Dustin Law personally established service for YYB's facsimile number. Further, he controls YYB's Internet website (www.youryellowbook.com) and, along with Brandie and Robert Law, controlled the company's financial accounts. Dustin Law is a signatory on all of YYB's bank accounts.

9. **Robert Ray Law** has held himself out to be secretary of YYB. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Robert Law resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States. Robert Law is the registered agent for YYB and a signatory on the company's bank accounts. On February 8, 2012, Robert Law signed a U.S. Postal Inspection Service cease-and-desist order on behalf of YYB, agreeing to refrain from implying that consumers have a prior business relationship with YYB, that consumers have accepted and agreed to pay for a listing, and that consumers owe the amount listed on the document. Among other things, Robert Law controlled two of the post office boxes that YYB used in its business operations.

## COMMERCE

10. At all times material to this Complaint, Defendants have maintained a

substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

11.     Since at least 2011, Defendants have engaged in a plan, program, or campaign to deceptively sell Internet business-directory listings throughout the United States. Consumers targeted by Defendants' scheme include small businesses, doctors' offices, retirement homes, and Christian schools (hereinafter, "consumers"). Defendants' scheme generated more than 160 consumer complaints to the FTC and the Better Business Bureau of Central Oklahoma ("BBB") and caused hundreds of thousands of dollars in consumer losses.

12.     Defendants market their business-directory listings by faxing or mailing documents to consumers with whom they have no preexisting relationship. The documents prominently display the well-known image of two "walking fingers"—a symbol commonly associated with established Yellow Page directories. Typically, Defendants' documents state that YYB provides listings to "millions of businesses throughout the United States to increase their internet exposure." The documents also ask consumers to "verify" or "update" their "current listing information" in their "actual listing" in YYB's Internet business-directory.

13.     Defendants' documents resemble invoices and include the cost of a directory listing, which typically is $487 per year. The documents direct consumers to mail their check or credit card payment information to YYB at a post office box in

Oklahoma City, Oklahoma.

14.    In numerous instances, after sending these documents, Defendants place unsolicited outbound telephone calls to consumers. During these calls, Defendants represent, expressly or by implication, that consumers previously authorized or agreed to pay for the business-directory listings and that consumers must pay YYB's "invoice."

15.    Based on Defendants' representations, many consumers reasonably believe that they previously were listed or are currently listed in Defendants' Internet business directory. Many consumers also reasonably believe that someone else in their organizations previously authorized the listings or agreed to pay for the listings and that Defendants' documents are invoices for Yellow Pages directory listings that require payment.

16.    In numerous instances, consumers ignore or otherwise refuse to pay Defendants' invoices because the business-directory listing was never ordered or authorized by anyone in the consumer's organization. In many of those instances, Defendants continue to make multiple collection calls to the consumers. In other instances, Defendants tell consumers that they will have to pay a cancelation fee to cancel their listings.

17.    In numerous instances, the documents Defendants send to consumers boast that YYB's Internet business directory listings provide increased Internet exposure for the consumers' businesses on search engines like Google, Yahoo, and Bing. However, Defendants' business Internet directory listings do not provide such exposure for

consumers' businesses because defendants' Internet business directory is difficult to find and navigate.

18. YYB received two previous cease-and-desist orders from the U.S. Postal Inspection Service regarding their "false billing promotion" practices. The first order, issued August 3, 2011, was signed by Defendant Brandie Law on behalf of YYB. The second, issued March 15, 2012, was signed by Defendant Robert Law on YYB's behalf. Despite receiving these two cease-and-desist orders, YYB continues to engage in these illegal activities.

19. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' practice of sending and attempting to collect on deceptive invoices for worthless Internet business-directory listings that consumers have not authorized and do not want or need.

## VIOLATIONS OF THE FTC ACT

20. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

21. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

22. In numerous instances in connection with the marketing, promotion, offering for sale, or sale of Internet business-directory listings, Defendants have

represented, directly or indirectly, expressly or by implication, that consumers have a preexisting business relationship with Defendants.

23. In truth and in fact, in numerous instances in which Defendants have made the representation set forth in Paragraph 22 of this Complaint, consumers do not have a preexisting business relationship with Defendants.

24. Therefore, Defendants' representation as set forth in Paragraph 22 of this Complaint is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

25. In numerous instances in connection with the marketing, promotion, offering for sale, or sale of Internet business-directory listings, Defendants have represented, directly or indirectly, expressly or by implication, that consumers have agreed to purchase a listing in Defendants' Internet business directory.

26. In truth and in fact, in numerous instances in which Defendants have made the representation set forth in Paragraph 25 of this Complaint, consumers have not agreed to purchase a listing in Defendants' Internet business directory.

27. Therefore, Defendants' representation as set forth in Paragraph 25 of this Complaint is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

28.     In numerous instances in connection with the marketing, promotion, offering for sale, or sale of Internet business-directory listings, Defendants have represented, directly or indirectly, expressly or by implication, that consumers owe money to Defendants for a listing in Defendants' Internet business directory.

29.     In truth and in fact, in numerous instances in which Defendants have made the representation set forth in Paragraph 28 of this Complaint, consumers do not owe money to Defendants for a listing in Defendants' Internet business directory.

30.     Therefore, Defendants' representation as set forth in Paragraph 28 of this Complaint is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

31.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THE COURT'S POWER TO GRANT RELIEF

32.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the

exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A.   Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions and an order freezing assets;

B.   Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C.   Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.   Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: July 24, 2014                             Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

*/s Reid Tepfer*
REID TEPFER
Texas Bar No. 24079444
THOMAS B. CARTER
Texas Bar No. 03932300
Attorneys for Plaintiff
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9395; rtepfer@ftc.gov
(214) 979-9372; tcarter@ftc.gov
(214) 953-3079 (fax)