IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOUR YELLOW BOOK, INC., a corporation, also d/b/a YOUR YELLOW BOOK, | ) ) ) | |
| | ) | |
| BRANDIE MICHELLE LAW, individually and as an officer of YOUR YELLOW BOOK, INC., | ) ) ) ) | Case No. CIV-14-786-D |
| | ) | |
| DUSTIN R. LAW, individually and as an officer of YOUR YELLOW BOOK, INC., | ) ) ) | |
| | ) | |
| ROBERT RAY LAW, individually and as an officer of YOUR YELLOW BOOK, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO MODIFY EX PARTE TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE AND EQUITABLE RELIEF**

Defendants Your Yellow Book, Inc. ("YYB"), Brandie Michelle Law ("Brandie Law"), Dustin R. Law ("Dustin Law"), and Robert Ray Law ("Robert Law") (collectively, "Defendants") move the Court to modify its July 24, 2014, *Ex Parte* Temporary Restraining Order with Asset Freeze and Other Equitable Relief (Doc. No. 10) so that Defendants may access additional funds for the sole purpose of attorneys' fees and related expenses. Defendants respectfully move the Court to modify Section III of the Temporary Restraining Order entitled "Asset Freeze" to allow Defendants to access

1

an additional $5,000.00 for attorneys' fees and related costs. Substantial time and resources are being committed in order to review and comprehend the exhibits, witness statements, and records expected to be used by the FTC in the August 18 hearing. Defendants' counsel will quickly deplete the initial $5,000.00 Defendants were allowed to withdraw by way of the modification entered by the Court on August 4, 2014.

## ARGUMENT

**I.     THE MODIFICATION IS LAWFUL AND WITH PRECEDENT**

Courts have the authority to temporarily freeze a party's assets, and also have the corollary authority to release assets or lower the amount frozen, according to its discretion. *S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F.Supp.2d 427, 429 (S.D.N.Y., 2001) (modifying asset freeze for attorneys' fees and related expenses). The Court should balance "the disadvantages and possible deleterious effect of a freeze" with "the considerations indicating the need for such relief." *Id.*, *quoting S.E.C. Manor Nursing Centers, Inc.*, 458 F.2d 1082 (2nd Cir. 1972). There is precedent for courts releasing assets for the purpose of legal expenses, including several of the cases cited in Plaintiff's motion. *See FTC v. World Travel Vacation Brokers, Inc.* 861 F.2d 1020, 1031-32 (7th Cir. 1988)(trial court modified asset freeze to allow for reasonable attorneys' fees and expenses; counsel received between $50,000 and 70,000); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 575-76 (7th Cir. 1989)(district court released a "fair cap" for attorneys' fees of $125,000, including $50,000 for litigation expenses).

Here, the FTC requested an asset freeze chiefly because it alleges that there is a "strong likelihood that assets will be dissipated or concealed during legal proceedings,

which would cause irreparable injury to the FTC's ability to obtain relief for consumers." Plaintiff's Motion for Temporary Restraining Order at p. 21.

A controlled, limited release of an additional $5,000.00 for attorneys' fees and related expenses does not materially affect the reasons Plaintiff requested the freeze. Plaintiff alleges that Defendants have earned over $600,000.00 through the business practices at issue. Plaintiff's Motion for Temporary Restraining Order at p. 21. Five thousand dollars – the amount Defendant requests be released for legal representation – constitutes less than 1% of that amount; Plaintiff's desire to preserve its ability to obtain relief for customers is not materially affected by an additional $5,000.00 release. Plaintiff's remaining concerns – preventing the unauthorized concealment or dissipation of otherwise recoverable assets – also remains wholly intact: a $5,000.00 release does not affect the FTC's ability to monitor Defendants' assets and otherwise maintain its freeze on them.

## II.     THE MODIFICATION IS NECESSARY BECAUSE OF THE VOLUME OF PLAINTIFF'S FILING AND TIME CONSTRAINTS

Defendants' counsel has been charged with preparing a complete defense to Plaintiff's Motion for Preliminary Injunction in a short amount of time. Defendants retained legal counsel on August 7, 2014. Plaintiff's Motion for Preliminary Injunction will be heard by this Court on August 18, 2014, at 1:30 PM. Defendants must file and serve on opposing counsel any opposition to the issuance of a preliminary injunction, evidence upon which they wish to rely, and objections to Plaintiff's evidence by August 14, 2014 at 4:30 PM.

Both the legal bases and factual evidence which Plaintiff has submitted in support of its case are voluminous and require extensive efforts of Defendants' counsel to prepare an adequate defense. Plaintiff filed 29 exhibits in advance of the Preliminary Injunction hearing, consisting of 283 pages. Plaintiff cited to 65 cases in its Motion for Temporary Restraining Order, consisting of nearly 600 pages of case law.

## **CONCLUSION**

The Court is vested with the power to amend the Temporary Restraining Order to permit assets to be unfrozen for the express purpose of attorneys' fees, and has in fact done so once already in this case. As outlined above, Defendants respectfully move the Court to amend the Temporary Restraining Order to provide additional funds for attorneys' fees in light of the voluminous filings made by Plaintiff and in light of the time constraints faced by Defendants' legal counsel. A modest modification allowing for an additional $5,000.00 to be released for the sole purpose of legal fees is in the interests of justice and does not greatly prejudice the rights of Plaintiff, the rights of any member of the public who was allegedly affected by any alleged wrongdoing, and does not otherwise run afoul with the stated purposes of the Temporary Restraining Order.

Respectfully submitted,

s/ Kevin E. Krahl
Kevin E. Krahl, OBA #11126
John A. Krahl, OBA #31124
FULLER, TUBB, BICKFORD & KRAHL, PLLC
201 Robert S. Kerr, Suite 1000
P.O. Box 887
Oklahoma City, OK 73101-0887
Telephone: (405) 235-2575

          Fax: (405) 232-8384
          krahl@fullertubb.com
          jkrahl@fullertubb.com
          *Attorneys for Defendants Your Yellow Book, Inc., Brandie Michelle Law, Dustin R. Law, and Robert Ray Law*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the record currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Reid A. Tepfer
Thomas B. Carter
Federal Trade Commission-DALLAS
1999 Bryan St, Suite 2150
Dallas, TX 75201
rtepfer@ftc.gov
tcarter@ftc.gov
*Attorneys for Plaintiff Federal Trade Commission*

          s/ Kevin E. Krahl_____
          Kevin E. Krahl