UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUR YELLOW BOOK INC, a corporation, also d/b/a/ YOUR YELLOW BOOK,<br><br>BRANDIE MICHELLE LAW, individually and as an officer or director of YOUR YELLOW BOOK INC,<br><br>DUSTIN R. LAW, individually and as an officer or director of YOUR YELLOW BOOK INC,<br><br>ROBERT RAY LAW, individually and as an officer or director of YOUR YELLOW BOOK INC and CPU SERVICE INCORPORATED, and<br><br>CPU SERVICE INCORPORATED, a corporation,<br><br>    Defendants. | Civil Action No. CIV-14-786<br>Judge Timothy D. DeGiusti<br><br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO MODIFY THE STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO ROBERT RAY LAW AND CPU SERVICE INCORPORATED |

Plaintiff Federal Trade Commission ("FTC"), pursuant to Federal Rule of Civil Procedure 60(b), moves the Court to modify the Stipulated Order for Permanent Injunction and Monetary Judgment [Doc. No. 71] ("Final Order") as to Defendant Robert Ray Law and CPU Service Incorporated.

## I. INTRODUCTION

The FTC has presented this Court with overwhelming evidence that Defendant Law and his new enterprise, CPU Service Incorporated ("CPU") (collectively, "Contempt

1

Defendants"), have continuously and repeatedly violated the Final Order since the day it was entered. As detailed in the Plaintiff's Memorandum of Law in Support of Its Motion for an Order to Show Cause Why Contempt Defendants Robert Ray Law and CPU Service Incorporated Should Not Be Held in Contempt for Violating the Stipulated Order for Permanent Injunction and Monetary Judgment ("Motion for Contempt"), filed concurrently herewith, Contempt Defendants sent tens-of-thousands of deceptive invoice-like faxes to small businesses across the country in violation of the Final Order's prohibition against misrepresenting, expressly or by implication, that consumers owe money for a good or service. In addition, Contempt Defendants have violated the Final Order's provisions intended to protect victims of the Your Yellow Book scam from further injury by prohibiting the use of consumer information obtained in connection with Your Yellow Book.

To protect consumers, there is a need to ban Contempt Defendants from using any unsolicited direct mail, including via the U.S. Postal Service, private courier service, facsimile transmission, electronic mail, and other similar methods of delivery directed to specific address(es) or person(s), to advertise, market, sell, or bill for any goods or services.

## II. PROCEDURAL HISTORY

On July 24, 2014, the FTC filed its complaint [Doc. No. 1] against corporate defendant Your Yellow Book Inc ("YYB"), and individual defendants Robert Ray Law, Dustin R. Law, and Brandie Michelle Law, alleging that they violated Section 5 of the

Federal Trade Commission Act, 15 U.S.C. § 45, by making false and misleading claims in connection with their sale of Internet business-directory listings, including misrepresenting that consumers owe money for a good or service.

Concurrently with filing the complaint, the FTC sought and received an *ex parte* temporary restraining order [Doc. No. 10] ("TRO") against YYB defendants containing an asset freeze, financial accounting, and expedited discovery provisions. Contempt Defendant Law and his son, Dustin Law, immediately violated the TRO by dissipating more than $7,000, failing to adequately complete court-ordered financial disclosure forms, and attempting to delete electronically-stored business records. Following a contested hearing, the Court entered an Order of Contempt [Doc. No. 54] against Law and his son for multiple violations of the TRO.

On August 21, 2014, following an evidentiary hearing, the Court entered a preliminary injunction [Doc. No. 50] continuing the provisions of the TRO.[1] Thereafter, the parties agreed to a stipulated order to settle the case and the Court entered the Final Order on December 2, 2014. Concurrently with this motion to modify, the FTC has filed a Motion for Contempt against Contempt Defendants Robert Ray Law and CPU Service Incorporated for alleged violations of the Final Order.

---

[1] The FTC's Motion for Contempt presents evidence that Contempt Defendant Law also violated Section I.C. of the preliminary injunction, which prohibited express or implied misrepresentations that consumers owe money for a good or service.

## III. LEGAL ANALYSIS

Contempt Defendant Law's demonstrated failure to comply with the Final Order constitutes the appropriate changed circumstances warranting a modification of that order pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure.

### A. The Legal Standard for Modifying an Order Has Been Met

A District Court has broad discretion under Rule 60(b)(2) to modify an existing injunctive order when new facts have arisen since the order was issued. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 380-81 (1992). A court of equity has the power "to modify an injunction in adaptation to changed conditions though it was entered by consent." *United States v. United Shoe Machinery Corp.*, 391 U.S. 244, 248 (1968) (citation omitted). In deciding a motion to modify, the District Court should determine whether the relief originally ordered has met the relief prescribed for the statute allegedly violated; and "[i]f it has not, the District Court should modify the decree so as to achieve the required result with all appropriate expedition." *Id*. at 252.; *Exxon Corp. v. Texas Motor Exchange of Houston, Inc.*, 628 F.2d 500, 503 (5th Cir. 1980) (citation omitted).

In this case, Contempt Defendants' repeated, flagrant violations of the Final Order, as detailed in FTC's Motion for Contempt, are sufficient evidence of changed conditions to support a modification of the Final Order. Clearly, the Final Order as originally entered has not achieved the desired result of enjoining Law from sending deceptive invoice-like documents that expressly or impliedly represent that consumers owe money for a good or service. Thus, modification of the Final Order is warranted.

## B. Banning Otherwise Legal Activity Permissible

The Court has the power to modify the order to prevent Law from returning to fields that he has exploited with deceptive practices in the past, including sending deceptive unsolicited direct mail to advertise, market, sell, or bill for goods or services. It matters not that such activities might be otherwise legal. "Courts in equitable actions may enjoin otherwise lawful conduct to ensure that the final relief ordered is effective." *FTC v. Think Achievement Corp.*, 144 F.Supp. 2d 1013, 1017 (N.D. Ind. 2000)(*citing United States v. Loew's, Inc.,* 371 U.S. 38, 53 (1962)("otherwise permissible practices connected with the acts found to be illegal must sometimes be enjoined."), *aff'd*, 312 F.3d 259 (7th Cir. 2002). Courts can ban otherwise permissible practices by modifying a stipulated injunction following a finding of contempt. *See McGregor v. Chierico*, 206 F.3d 1378, 1386 fn.9 (11th Cir. 2000) (modifying final order in an FTC case to ban telemarketing after defendant found in civil contempt). To ban otherwise permissible behavior, the Court must find that such relief is necessary and appropriate in the public interest. *Think Achievement*, 144 F.Supp.2d at 1017.

Contempt Defendants' conduct supports the requested ban and demonstrates that it is necessary and appropriate to protect consumers from Law's predatory acts. As detailed in FTC's Motion for Contempt, Law and his companies have repeatedly sent deceptive invoice-like documents to businesses. These actions resulted in two cease and desist orders entered by the United States Postal Inspection Service, and a preliminary injunction and final order entered by this Court in the underlying action. And, in each

case, the orders' injunctive provisions specifically prohibiting misrepresentations that consumers owe money for a good or service failed to deter Law from doing just that. Law's past and present behavior shows that he is likely to continue his deceptive practices unless banned. Indeed, Contempt Defendants' overarching marketing strategy is to send deceptive invoice-like documents in hopes that businesses will mistakenly believe that they owe money to them. Thus, an outright ban on using unsolicited direct mail to advertise, market, sell, or bill for any goods or services is necessary and appropriate.

To date, Law's method of choice for delivering his deceptive documents has been through facsimile transmission. However, Law could easily send the same deceptive documents through the U.S. Postal Service, private courier service, or electronic mail. Therefore, the proposed ban also prohibits the use of these and "other similar method of delivery."[2]

## IV. CONCLUSION

Contempt Defendants' contumacious practices starkly illustrate that the Final Order's fencing-in provisions have not restrained them from their illicit activities. As a result, the Order has not achieved its original purpose of protecting consumers. Accordingly, for the reasons delineated above, the FTC respectfully requests that the Court modify the Final Order.

---

[2] The other provisions of the proposed modified order merely: (1) prohibit Contempt Defendants from collecting additional money from businesses that were deceived by the CPU Service Incorporated faxes; (3) prohibit Contempt Defendants from using consumer information obtained in connection with CPU Service Incorporated; and (3) require similar order acknowledgments, record keeping, and compliance reporting and monitoring as contained in the Final Order.

If the Court determines an evidentiary hearing on this motion to modify is necessary, the FTC respectfully requests that the Court consolidate such a hearing with any hearing called for Contempt Defendants to show cause why they should not be held in contempt for their violations of the Final Order. Consolidation of the proceedings is proper because there is significant overlap in the evidence supporting a finding of contempt and the evidence supporting order modification.

Dated: August 27, 2015          Respectfully,

    /s/ *Thomas B. Carter*
THOMAS B. CARTER
Texas Bar No. 03932300
REID TEPFER
Texas Bar No. 24079444

Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9372; tcarter@ftc.gov
(214) 979-9395; rtepfer@ftc.gov
(214) 953-3079 (fax)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I certify that Plaintiff Federal Trade Commission served the foregoing on John H. Graves, at the Law Office of John H. Graves, PLLC, 12216 South Western, Oklahoma City, Oklahoma 73170, attorney for Contempt Defendants Robert Ray Law and CPU Service Incorporated.

Dated: August 27, 2015          /s/ *Thomas B. Carter*
        Thomas B. Carter