UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

YOUR YELLOW BOOK INC, a corporation, also d/b/a/ YOUR YELLOW BOOK,

BRANDIE MICHELLE LAW, individually and as an officer or director of YOUR YELLOW BOOK INC,

DUSTIN R. LAW, individually and as an officer or director of YOUR YELLOW BOOK INC,

ROBERT RAY LAW, individually and as an officer or director of YOUR YELLOW BOOK INC and CPU SERVICE INCORPORATED, and

CPU SERVICE INCORPORATED, a corporation,

    Defendants.

Civil Action No. CIV-14-786
Judge Timothy D. DeGiusti

## MODIFIED FINAL ORDER FOR PERMANENT INJUNCTION AGAINST ROBERT RAY LAW AND CPU SERVICE INCORPORATED

This matter comes before the Court on Plaintiff Federal Trade Commission's ("Commission") motion to modify the Stipulated Order for Permanent Injunction and Monetary Judgment [Doc. No. 71] ("Final Order") entered against Your Yellow Book Inc, Robert Ray Law, Dustin R. Law, and Brandie Michelle Law on December 2, 2014. The Commission's motion requests that the Court modify the Final Order as to Defendant

Robert Ray Law and his new company CPU Service Incorporated. Upon consideration of the motion, the accompanying memorandum of law and exhibits, any opposition thereto, and any evidence adduced at any hearing on the motion, the Court hereby **GRANTS** the Commission's motion.

**It is therefore ORDERED, ADJUDGED, AND DECREED:**

## FINDINGS

1. This Court has jurisdiction over this matter.

2. Under the provisions of FED. R. CIV. P. 65(d)(2), CPU Service Incorporated is bound by the Final Order because it receive actual notice of the Final Order and is in active concert or participation with Defendant Robert Ray Law, a party to the Final Order.

3. The Commission has alleged that Defendant Robert Ray Law and CPU Service Incorporated are in contempt of the Final Order by sending deceptive direct mail to advertise, market, or sell goods or services and by benefitting from consumer information obtained in connection with Your Yellow Book Inc.

4. Defendant Robert Ray Law and CPU Service Incorporated's non-compliance with the Final Order presents sufficient changed circumstances to warrant entry of this Modified Final Order for Permanent Injunction against Robert Ray Law and CPU Service Incorporated ("Modified Final Order") pursuant to Federal Rule of Civil Procedure 60(b).

5. Banning Defendant Robert Ray Law and CPU Service Incorporated from using any unsolicited direct mail, including via the U.S. Postal Service, private courier service, facsimile transmission, electronic mail, and other similar methods of delivery directed to specific address(es) or person(s), to advertise, market, sell, or bill for any goods or services is necessary to protect consumers.

6. The circumstances weigh in favor of granting a modified permanent injunction, and that such an injunction is in the public interest.

## DEFINITIONS

For purposes of this Modified Final Judgment, the following definitions shall apply:

A. **"Consumer"** includes any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

B. **"Defendants"** means all the Original Defendants and all of the Contempt Defendants, individually, collectively, or in any combination.

C. **"Original Defendants"** means the Corporate Defendant and all of the Individual Defendants in the Final Order, individually, collectively, or in any combination.

1. **"Corporate Defendant"** means Your Yellow Book Inc, also d/b/a/ Your Yellow Book, and its successors and assigns.

2. **"Individual Defendants"** means Brandie Michelle Law, also known as Brandie M. Jordan, Dustin R. Law, and Robert Ray Law.

D.  **"Contempt Defendants"** means the Corporate Contempt Defendant and the Individual Contempt Defendant, individually, collectively, or in any combination.

1.  **"Corporate Contempt Defendant"** means CPU Service Incorporated, an Oklahoma corporation incorporated by Individual Contempt Defendant on November 4, 2014, and its successors and assigns.

2.  **"Individual Contempt Defendant"** means Robert Ray Law.

## ORDER

I.  **MODIFICATION OF FINAL ORDER**

**IT IS THEREFORE ORDERED** that, as to Contempt Defendants, this Modified Final Order supersedes the following sections of the Final Order: Sections IX. Order Acknowledgements; X. Compliance Reporting; XI. Recordkeeping; and XII. Compliance Monitoring. The remainder of the Final Order remains in full force and effect as to Contempt Defendants. The Final Order as to Your Yellow Book Inc, Dustin R. Law, and Brandie M. Jordan is unaffected by this Modified Final Order

II.  **BAN ON UNSOLICITED DIRECT MAIL**

**IT IS FURTHER ORDERED** that Contempt Defendants are permanently restrained and enjoined from using any unsolicited direct mail, including via the U.S. Postal Service, private courier service, facsimile transmission, electronic mail, and other similar methods of delivery directed to specific address(es) or person(s), to advertise, market, sell, or bill for any goods or services.

## II. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A. An additional judgment, in the amount of three hundred and ninety-nine thousand seven hundred and thirty dollars ($399,730), is hereby entered in favor of the Commission against CPU Service Incorporated and Robert Law, jointly and severally, as equitable monetary relief;

B. In partial satisfaction of the additional monetary relief, Defendants will pay, by electronic fund transfer in accordance with instructions to be provided by a representative of the Commission, the sum of Forty-Five Thousand Dollars ($45,000.00) on or before November 6, 2015;

C. Defendants relinquish dominion and all legal and equitable right, title, and interest transferred pursuant to this Order and may not seek the return of assets.

D. The facts alleged by the Commission in its Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Violating Permanent Injunction (Dkt. #73) will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case.

E. The facts alleged in the Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Violating Permanent Injunction (Dkt. #73) establish all elements necessary to sustain an action by the Commission pursuant to

Section 523 (a)(2)(A) of the Bankruptcy Code, 11 U.S.C. 523 (a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employee Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. 7701.

G.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expense for any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonable related to Defendants' practices alleged in the Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court for Violating Permanent Injunction (Dkt.#73). Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant have no right to challenge any actions the Commission or its representatives may take pursuant to this Section.

## IV. PROHIBITION AGAINST COLLECTING CPU ACCOUNTS

**IT IS FURTHER ORDERED** that Contempt Defendants, Contempt Defendants' officers, agents, servants, employees, attorneys, and assigns, and all other persons in active concert or participation with any of them, who receive actual notice of this Modified Final Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect or collecting payment for any goods or services advertised, marketed, sold, or billed for by or through CPU Service Incorporated, and from selling, assigning, or otherwise transferring any right to collect payment for any such good or service.

## V. CONSUMER INFORMATION RELATED TO CPU

**IT IS FURTHER ORDERED** that Contempt Defendants, Contempt Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Modified Final Order, are permanently restrained and enjoined from directly or indirectly:

A. disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), obtained prior to entry of this Modified Final Order in connection with CPU Service Incorporated; and

B. failing to destroy such consumer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so

from a representative of the Commission. Provided, however, that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Contempt Defendants obtain acknowledgments of receipt of the Final Order and this Modified Final Order:

A. Contempt Defendants, within 7 days of entry of this Modified Final Order, must submit to the Commission an acknowledgment of receipt of this Modified Final Order sworn under penalty of perjury.

B. For 20 years after entry of this Modified Final Order, Contempt Defendant Law for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of the Final Order and this Modified Final Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Final Order or this Modified Final Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within 7 days of entry of this Modified Final Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Contempt Defendant Law delivered a copy of the Final Order and this Modified Final Order, Contempt Defendant Law must

obtain, within 30 days, a signed and dated acknowledgment of receipt of the Final Order and this Modified Final Order.

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Contempt Defendants must make timely submissions to the Commission:

    A.    180 days after entry of this Modified Final Order, Contempt Defendants must submit a compliance report, sworn under penalty of perjury.

        1.    Each Contempt Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Contempt Defendant; (b) identify all of Contempt Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of the Final Order and this Modified Final Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to the Final Order and this Modified Final Order, unless previously submitted to the Commission.

        2.    Additionally, Contempt Defendant Law must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such

Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 20 years after entry of this Modified Final Order, Contempt Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of the change in the following:

1.  Each Contempt Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or Corporate Contempt Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under the Final Order or this Modified Final Order including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to the Final Order or this Modified Final Order.

2.  Additionally, Contempt Defendant Law must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Each Contempt Defendant must submit to the Commission notice of the

filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

  D. Any submission to the Commission required by the Final Order or this Modified Final Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

  E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to the Final Order or this Modified Final Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the United States Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, D.C. 20580. The subject line must begin: *FTC v. Your Yellow Book Inc, Robert Law, CPU Service Incorporated* (X140045).

## VIII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Contempt Defendants must create certain records for 20 years after entry of the Modified Final Order, and retain such records for 5 years. Specifically, Contempt Defendants for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D. complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. all records necessary to demonstrate full compliance with each provision the Final Order and this Modified Final Order, including all submissions to the Commission; and

F. a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Contempt Defendants' compliance with the Final Order and this Modified Final Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Contempt Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions),

31, 33, 34, 36, 45, and 69.

B.  For matters concerning the Final Order and this Modified Final Order, the Commission is authorized to communicate directly with Contempt Defendants. Contempt Defendants must permit representatives of the Commission to interview any employee or other person affiliated with Defendant Law who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Contempt Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in the Final Order or this Modified Final Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Law, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of the Final Order and this Modified Final Order.

IT IS SO ORDERED this 30th day of October, 2015.

_____
**TIMOTHY D. DeGIUSTI**
**UNITED STATES DISTRICT JUDGE**

AGREED:

_____
ROBERT RAY LAW
Contempt Defendant


CPU SERVICE INCORPORATED
Contempt Defendant

By: _____
ROBERT RAY LAW, Officer and Director


_____
John H. Graves, OBA #19818
The Law Office of John H. Graves, PLLC
12216 South Western
Oklahoma City, Oklahoma 73170
Telephone: (405) 684-6735
ATTORNEY FOR DEFENDANTS R.R. LAW, YOUR YELLOW BOOK INC., AND CPU INCORPORATED, INC.